

```
 1 | TARA K. MCGRATH
   | United States Attorney
 2 | SHITAL H. THAKKAR
   | Assistant United States Attorney
 3 | Illinois Bar No. 6273151
   | United States Attorney's Office
 4 | Federal Office Building
   | 880 Front Street, Room 6293
 5 | San Diego, California 92101-8893
   | Telephone: (619) 546-8785
 6 | Email: Shital.thakkar@usdoj.gov
 7 | Attorneys for United States of America
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 23-cr-02591-RBM |
|---|---|
| Plaintiff,<br>v. | PLEA AGREEMENT |
| OMAR JAVIER JAUREGUI, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and Shital H. Thakkar, Assistant United States Attorney, and Defendant OMAR JAVIER Defendant JAUREGUI, with the advice and consent of Frederick Matthew Carroll, counsel for Defendant, as follows:

### I

### THE PLEA

Defendant agrees to plead guilty to Count 1 of the Information charging him with Dealing Firearms Without a License, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D).

In addition, defendant consents to the forfeiture allegations of the Information, agrees to the forfeiture of all property seized in connection with this case, and agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

Def. Initials ⟨signature⟩

## II

### **NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. The defendant was not licensed to deal firearms; and

2. The defendant willfully engaged in the business of dealing firearms.

B. ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Beginning in July of 2023, ATF Special Agents (SAs) coordinated the purchase and sale of firearms from Defendant Joshua Jesus Defendant Rios and Defendant OMAR JAVIER JAUREGUI utilizing an ATF Confidential Informant (CI) and ATF Undercover Agents (UCAs).

2. In early July of 2023, the CI began communicating via cellphone with Defendant Rios, who was offering to sell various firearms.

3. On July 13, 2013, a recorded meeting took place between UCA-1, the CI, Defendant Rios, Defendant JAUREGUI, and a third Hispanic male at an AM PM convenience store parking lot, located in the city of Brawley, which is located within the Southern District of California. Defendants sold UCA-1 an un-serialized PMF, 9-millimeter (mm) pistol, with "Polymer 80" markings on the pistol frame, and six (6) rounds of 9mm ammunition for $700. Defendants also sold a Taurus, model PT140 G2, 40-caliber pistol bearing serial number SIW07118 for $800.

4. Defendant JAUREGUI asked UCA-1, in Defendant Rios' presence, if the firearms were "going out," or, in other words, destined for Mexico, to which UCA-1 responded affirmatively.

Subsequent transactions also involved discussions where UCAs indicated to Defendant JAUREGUI that the firearms they were purchasing from him would be transported out of the United States, specifically to Mexico.

5. Defendant JAUREGUI continued to sell or agree to sell UCAs firearms in exchange for United States Currency after July 13, 2023. All of the firearms transactions occurred in the Southern District of California. In total, Defendant JAUREGUI sold UCAs 23 operational firearms, some of which were privately made, unserialized firearms ("PMFs"), also known as "ghost guns." Defendant JAUREGUI knew that the PMFs involved in this offense were not marked with a serial number.

6. Three of the firearms sold by Defendant JAUREGUI were reported stolen. Some of the firearms sold do fit the definition provided in 26 U.S.C. § 5845(a).

7. Defendant JAUREGUI agrees that he was not licensed to deal firearms. Defendant JAUREGUI also agrees that he willfully engaged in the business of dealing firearms, knowing he was not licensed to do so.

## III

### **PENALTIES**

The crimes to which Defendant is pleading guilty carries the following penalties:

A. a maximum 5 years in prison

B. a term of supervised release of no more than 3 years; and

C. a maximum $250,000 fine per count.

A. a mandatory special assessment of $100 per count;

B. As it relates to supervised release, Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

C. forfeiture to the United States of all firearms and ammunition involved in the offense.

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant;

F. Not testify or have any adverse inferences drawn from the failure to testify; and

G. Defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding.

## V
### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information.

*Plea Agreement*  4  Def. Initials
23-cr-02591-RBM

Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court;

C. No one has threatened Defendant or Defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

//
//

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a **presentence report** is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

# X

## PARTIES' SENTENCING RECOMMENDATIONS

### A. SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [§2K2.1(a)(5)] | 18* |
| 2. | Number of firearms [§2K2.1(b)(1)(B)] | +4 |
| 3. | Any stolen firearms [§2K2.1(b)(4)(A)] | +2 |
| 4. | Trafficking of firearms [§2K2.1(b)(5)] | +4 |
| 5. | Transferred firearm with reason to believe firearm would be transported out of the United States [§2K2.1(b)(6)(A)] | +4 |
| 6. | Acceptance of Responsibility [§3E1.1] | -3 |

**\*If defendant is determined to be a career offender pursuant to USSG § 4B1.1(a), the applicable base offense level shall be determined pursuant to USSG § 4B1.1(b).**

### B. ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

    1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or

falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the Government, the Court or probation officer;

4. Breaches this plea agreement in any way; or

5. Contests or assists any third party in contesting the forfeiture of property(ies) seized in connection with this case, and any property(ies) to which the defendant has agreed to forfeit as set forth in the attached forfeiture addendum.

C. FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553, but may not make any request or recommendation inconsistent with Section X, part F, below. The Government may oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D. NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have no agreement as to Defendant's Criminal History Category.

E. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F. PARTIES' RECOMMENDATIONS REGARDING CUSTODY

Pursuant to § 3553(a), the Government will recommend a one-level downward variance from the advisory Guideline range set forth in Section X, paragraph A above. This variance takes into consideration the nature

and circumstances of the offense, the need to provide just punishment for the offense, and the need to avoid unwarranted sentencing disparities among defendants with similar records. Thereafter, the Government will recommend that Defendant be sentenced to the low-end of the advisory Guideline range as calculated by the Government at the time of sentencing.

G. SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check, or money order made payable to the "Clerk, United States District Court."

2. Fine

The parties have no agreement regarding the imposition of a fine.

3. Forfeiture

Defendant agrees that the provisions of the attached forfeiture addendum shall govern forfeiture in this case.

H. SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

//
//
//

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any forfeiture or restitution order. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel.

If defendant believes the Government's sentencing recommendation is not in accord with this plea agreement, defendant will object at the time of sentencing; otherwise, the objection will be deemed waived.

If at any time defendant files a notice of appeal, appeals, or collaterally attacks the conviction, sentence, or order of forfeiture in violation of this plea agreement, said violation shall be a material breach of this agreement as further defined below.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction, sentence, or order of forfeiture in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

### XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement (including forfeiture addendum) embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

### XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

## XV

## **DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

TARA K. MCGRATH
United States Attorney

06/21/24
DATED

SHITAL H. THAKKAR
Assistant U.S. Attorney

5-15-24
DATED

FREDERICK MATTHEW CARROLL
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

5-15-24
DATED

OMAR JAVIER JAUREGUI
Defendant

Approved by:

*/s/David Finn*
DAVID FINN
Assistant U.S. Attorney

**UNITED STATES v. OMAR JAVIER JAUREGUI, 23-cr-02591-RBM**

**FORFEITURE ADDENDUM**

Defendant's conviction will include forfeiture. This forfeiture addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

A. <u>Penalty</u>. In addition to the penalties in the plea agreement, federal law states Defendant must forfeit to the United States all his rights, title and interest in all firearms and ammunition involved in the offense pursuant to the provisions of Title 18, United States Code, Sections 924(d) and Title 28, United States Code, Section 2461(c).

B. <u>Property Subject to Forfeiture</u>. As part of Defendant's guilty plea to Count 1 of the Information, as set forth in section I of the plea agreement, Defendant agrees to forfeit all firearms and ammunition involved in this case and all property seized in connection with this case, including but not limited to:

1. one (1) un-serialized privately made, 9-millimeter (mm) pistol, with "Polymer 80" markings on the pistol frame;
2. one (1) Taurus, model PT140 G2, 40-caliber pistol bearing serial number SIW07118;
3. Six (6) rounds of assorted 40 caliber ammunition observed in gun box from item 1;
4. one (1) un-serialized, privately made, 22-caliber pistol, with "Polymer 80" markings on the pistol frame;
5. one (1) High Standard, model Double-Nine, 22-caliber revolver bearing serial number 902762;
6. one (1) Ruger, model AR-556, 5.56 caliber rifle bearing serial number 855-39562;

7. Thirteen (13) rounds of assorted 5.56 caliber ammunition;

8. one (1) un-serialized, privately made, 5.56 caliber, AR-15 type rifle;

9. one (1) un-serialized, Remington, model 572 Field Master 22 caliber rifle;

10. one (1) Zastava, model Pap M92 PV, 7.62x39mm pistol bearing serial number M92PV065372;

11. Fifty (50) rounds of 9mm ammunition;

12. one (1) Tokarev 12-gauge shotgun bearing serial number 52-H22PT-000500;

13. one (1) Mossberg model MC1SC 9mm pistol bearing serial number 040124CP;

14. one (1) Glock, model 43x 9mm pistol bearing serial number BXKE897;

15. one (1) Rossi, model R22S, 22 caliber rifle bearing serial number 7CAZ20147P;

16. one (1) machinegun conversion device, commonly referred to as "Glock Switch";

17. Eight (8) rounds of assorted 9mm ammunition;

18. Six (6) rounds of assorted 9mm ammunition;

19. one (1) Ruger, model LC9S, 9mm pistol bearing serial number 327-39114;

20. one (1) Smith & Wesson, model M&P 9mm pistol bearing serial number DXX4199;

21. one (1) Sig Sauer, model P229 40-caliber pistol bearing serial number AH14554;

22. One (1) Glock, model 17 Gen 5, 9mm pistol bearing serial number ABPX945;

23. One (1) Privately Made Firearm (PMF), "Ghost Gun", un-serialized 9mm pistol;

24. One (1) Ruger, model LC9s, 9mm pistol bearing serial number 45221799;

25. One (1) Lorcin, model L22, 22-caliber pistol bearing serial number 006134;

26. One (1) Ruger, model Security Six, .357 magnum revolver bearing serial number 15718155;

27. One (1) PMF, "Ghost Gun", un-serialized, .223/5.56 caliber, AR style pistol;

28. One (1) Kel-Tec, model Sub 2000, 9mm rifle bearing serial number ERH62;

29. One (1) Glock, model 17 Gen 5, 9mm pistol bearing serial number BPMH275;

30. Thirty-two (32) rounds of assorted 9mm ammunition.

C. <u>Basis of Forfeiture</u>. Defendant owns all the property in paragraph B and admits such property represents firearms and ammunition involved in the offense and Defendant agrees the property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 924(d) and Title 28, United States Code, Section 2461(c).

D. <u>Immediate Entry of Preliminary Order of Forfeiture</u>. Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the properties. Defendant agrees to

immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. Defendant further agrees to withdraw any and all pending petitions for remission or mitigation of forfeiture. By signing this addendum Defendant is hereby withdrawing any and all claims and any and all petitions relating to or arising from the seizures and forfeitures of properties. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility.

  E. <u>Entry of Orders of Forfeiture and Waiver of Notice</u>. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

//

F.  **Waiver of Constitutional and Statutory Challenges.** Defendant further agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this agreement, including any claim that the forfeiture constitutes an excessive fine or punishment under the United States Constitution. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

G.  **Agreement Survives Defendant; No Forfeiture Abatement.** Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

06/21/24
DATED

5-15-24
DATED

5-15-24
DATED

TARA K. MCGRATH
United States Attorney

SHITAL H. THAKKAR
Assistant U.S. Attorney

FREDERICK MATTHEW CARROLL
Defense Counsel

OMAR JAVIER JAUREGUI
Defendant

Forfeiture Addendum

5

Def. Initials OJ
23-cr-02591-RBM